IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINALD DONELL RICE, | § | |
| (TDCJ-CID #1436278) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-11-4180 |
| | § | |
| RICK THALER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ON DISMISSAL

Reginald Donell Rice, an inmate of the Collin County Jail, sued in November 2011, alleging civil rights violations resulting from a denial of proper medical care. Rice, proceeding *pro se,* sues Rick Thaler, Director of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Based on a careful review, Rice's claims are dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

Rice alleges that on September 29, 2010, the Texas Court of Criminal Appeals set aside his conviction for possession of a controlled substance and life sentence, which had been imposed by the 366th Judicial District Court of Collin County, Texas. (Cause Number 366-83058-06). Rice was remanded to the custody of the Collin County Jail. Rice states that during his incarceration, he developed high blood pressure, for which medical personnel at the Collin County Jail and TDCJ-CID have prescribed four different medications. Rice seeks his unconditional release and unspecified compensation for his allegedly unlawful imprisonment.

A prisoner may not bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious

or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Rice's litigation history reveals that before filing this action, he had at least four suits and one appeal dismissed as frivolous. *Rice v. Brewer*, 08-40355 (5th Cir.)(dismissed as frivolous on October 10, 2008); *Rice v. Miller*, 4:08-279 (E.D. Tex.)(dismissed as frivolous on October 3, 2008); *Rice v. Miller*, 4:08-10 (E.D. Tex.)(dismissed as frivolous on March 18, 2008); *Rice v. Brewer*, 4:08-36 (E.D. Tex.)(dismissed as frivolous on March 17, 2008); and *Rice v. Miller*, 4:07-60 (E.D. Tex.)(dismissed as frivolous on March 22, 2007).

Rice seeks to overcome the three-strikes bar by alleging that he is under imminent danger of serious physical injury. A speculative possibility of danger does not suffice. Rice must allege facts showing that he is actually in imminent danger. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998) (per curiam); *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam opinion following *Banos*). Established Fifth Circuit precedent requires that civil rights claimants must state specific facts, not conclusory allegations. *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986); *see also Baker v. Putnal,* 75 F.3d 190, 195 (5th Cir. 1996). The Fifth Circuit has held that allegations about the quality of medical care, including a delay in treatment for a fractured jaw, are insufficient to satisfy the exception to Section 1915(g). *Edmond v. Tex. Dep't of Corr., et al.,* 1998 WL 723877 (5th Cir. October 7, 1998) (not selected for publication in the Federal Reporter). Though Rice has expressed concerns about his medications, he has not made any showing that he faced imminent danger of serious physical injury when he filed this civil rights lawsuit. Rice is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.

Rice's motion to proceed as a pauper, (Docket Entry No. 2), is denied. The complaint filed

by Reginald Donell Rice, (TDCJ-ID #1436278), is dismissed under 28 U.S.C. § 1915(g).[1] All pending motions are denied. Rice is warned that continued frivolous filings may result in the imposition of sanctions.

To the extent Rice seeks relief based on the ineffective assistance of counsel, he must proceed through an application for a writ of habeas corpus. Title 28 U.S.C. § 2254 is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Rice may challenge the ineffective assistance of counsel in a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting available state court remedies. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's *in forma pauperis* appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

(3)     the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on January 18, 2012, at Houston, Texas.

                                            Lee H. Rosenthal
                                            United States District Judge